UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>PAVEL BABICHENKO,<br>GENNADY BABITCHENKO,<br>PIOTR BABICHENKO,<br>TIMOFEY BABICHENKO,<br>KRISTINA BABICHENKO,<br>NATALIE BABICHENKO,<br>DAVID BIBIKOV,<br>ANNA IYERUSALIMETS,<br>MIKHAIL IYERUSALIMETS,<br>ARTUR PUPKO,<br><br>　　　　Defendants. | Case No. 1:18-cr-00258-EJL<br><br>**ORDER RE MOTION TO AMEND CONDITIONS OF RELEASE AND OPEN COURT HEARINGS** |

Pending before the Court is a Motion to Amend Conditions of Release and Open Court Hearings filed by Defendant Anna Iyerusalimets (Dkt. 120) ("Motion") and joined by each of the codefendants on pretrial release. (Dkts. 121, 122, 125, 129). On October 4, 2018, Ms. Iyerusalimets filed a brief indicating that the parties had reached a stipulation regarding the Motion. (Dkts. 132.) Accordingly, the Court hereby adopts the parties' agreement and grants the Motion in part and to the extent described below.

## BACKGROUND

On September 19, 2018, Ms. Iyerusalimets filed the instant Motion. (Dkt. 120). As reflected in the Motion, each of the codefendants being supervised by the United States

Probation Department has a condition placed on his or her pretrial release similar to that imposed on Ms. Iyerusalimets, which directs her to:

> avoid all contact, directly or indirectly, with any person who is known to be a defendant or victim or witness in the investigation or prosecution, including [sic] can have contact with family members who are codefendants but not to discuss criminal case.

(Dkt. 47.) Originally, this condition was interpreted to disallow the codefendants from attending one another's hearings. (Dkt. 120, p. 2.) In the Motion, Ms. Iyerusalimets requests that the Court: (1) maintain public access to future hearings including the appeal from detention hearings for Pavel Babichenko and Gennady Babichenko scheduled for September 20, 2018 and (2) amend the conditions of release to lift the condition restricting the codefendants' contact with witnesses and each other. (Dkt. 120).

On September 20, 2018, the Court issued an oral ruling on the undisputed aspect of the Motion, thus allowing codefendants to attend one another's public hearings. However, the Court reserved ruling on whether to amend the conditions of release as requested. As indicated at the September 20, 2018 hearing, the Court wanted to allow more time for the United States Probation Office and the Government to weigh in on this issue before issuing a decision.

On September 27, 2018, the Government filed a response to the Motion and on October 4, 2018, Ms. Iyerusalimets filed a reply brief in support of the Motion. (Dkts. 131, 132). The reply brief reflects that the parties had agreed to certain modifications to the condition at issue. (Dkt. 132.)

ORDER—2

## DISCUSSION

A request to modify conditions of release is governed by 18 U.S.C. § 3145(a)(2), which states "[i]f a person is ordered released by a magistrate judge, or by a person other than a judge of a court having original jurisdiction over the offense . . . the person may file, with the court having original jurisdiction over the offense, a motion for amendment of the conditions of release." Further, the Court is directed to determine the motion "promptly." 18 U.S.C. § 3145(a). The Bail Reform Act directs the Court to impose the "least restrictive further condition or combination of conditions" that will "reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(c)(1)(B).

In this case, the Court has reviewed the parties' stipulated modifications to the conditions of release and finds them reasonable and consistent with applicable legal standards. Accordingly, the conditions of release shall be modified consistent with the parties' agreement as set forth in Ms. Iyerusalimets' reply brief as further outlined below.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that the Motion to Amend Conditions of Release and Open Court Hearings filed by Defendant Anna Iyerusalimets (Dkt. 120) and joined by each of the codefendants on pretrial release (Dkts. 121, 122, 125, 129) is **GRANTED IN PART** and only to the extent that Condition 7(g) of the Order Setting Conditions of Release for each codefendant on pretrial release shall be modified to:

(1) prohibit contact or communications with potential witnesses and victims regarding the criminal matter unless accompanied by defense attorney or investigator;

(2) prohibit discussing, without the presence of a defense attorney or investigator, the criminal matter with those who are or have been associated with the defendants' numerous businesses (including non-cell phone businesses, such as the denturist businesses), church members (past and present), accountants, and anyone associated with the Petra School (which is connected to the Morning Star Church); and

(3) allow for contact between and among defendants at any time after the respective defendant's counsel has agreed to such contact.

DATED: October 11, 2018

Edward J. Lodge
United States District Judge

ORDER—4