BART M. DAVIS, IDAHO STATE BAR NO. 2696
UNITED STATES ATTORNEY
KATHERINE L. HORWITZ, OKLAHOMA STATE BAR NO. 30110
CHRISTIAN S. NAFZGER, IDAHO STATE BAR NO. 6286
ASSISTANT UNITED STATES ATTORNEYS
DISTRICT OF IDAHO
WASHINGTON GROUP PLAZA IV
800 EAST PARK BOULEVARD, SUITE 600
BOISE, ID 83712-7788
TELEPHONE: (208) 334-1211
FACSIMILE:  (208) 334-9375


UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO


| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>             Plaintiff,<br><br>    vs.<br><br>PAVEL BABICHENKO,<br>GENNADY BABITCHENKO,<br>PIOTR BABICHENKO,<br>TIMOFEY BABICHENKO,<br>KRISTINA BABICHENKO,<br>NATALIE BABICHENKO,<br>DAVID BIBIKOV,<br>ANNA IYERUSALIMETS,<br>MIKHAIL IYERUSALIMETS,<br>ARTUR PUPKO,<br><br>             Defendants. | Case No. 1:18-cr-00258-EJL<br><br><br>**GOVERNMENT'S UNOPPOSED MOTION FOR COMPLEX CASE DESIGNATION PURSUANT TO 18 U.S.C § 3161(h)(7)(ii) AND TRIAL CONTINUANCE** |

GOVERNMENT'S MOTION FOR
COMPLEX-CASE DESIGNATION—1

The United States of America, by and through, Bart M. Davis, United States Attorney for the District of Idaho, and the undersigned Assistant United States Attorney for the District of Idaho, hereby seeks an order, pursuant to 18 U.S.C. § 3161(h)(7)(ii), designating the present case as complex given the nature of the prosecution, number of defendants, as well as voluminous discovery.

## Statutory Framework

The Speedy Trial Act establishes a temporal framework for ensuring a criminal defendant's constitutional right to a speedy trial, as well as the public's interest in prompt criminal proceedings.  *See* 18 U.S.C. § 3161.  Pursuant to the Act, a criminal trial must commence within seventy days of the filing of the indictment, information, or the defendant's appearance, whichever occurs last.  *See id.* § 3161(c)(1).  The Act recognizes several bases for extending this seventy-day period, such as the filing of motions requiring a hearing and appointment of new defense counsel.  *Id.* § 3161(h)(7).  Most cases, therefore, involve a period of delay caused by common pleadings, such as dispositive motions.  In addition to these common types of delay, the Act also accommodates less-common delay caused by an unusually complex case.  Section 3161(h)(7)(ii) recognizes that an ends-of-justice delay may be appropriate when:

> the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.

18 U.S.C. § 3161(h)(7)(ii).

GOVERNMENT'S MOTION FOR
COMPLEX-CASE DESIGNATION—2

Under Ninth Circuit precedent interpreting this section, a case is sufficiently complex when the matter involves multiple defendants, multiple counts of complex wire-fraud charges, voluminous discovery, and witnesses "from both within and outside of Idaho." *See United States v. Butz*, 982 F.2d 1378, 1381 (9th Cir. 1993). Those complexities and more are present here.

## Discussion

On Tuesday, August 14, 2018, a federal grand jury returned a thirty-four count indictment charging ten defendants with conspiracy to commit wire fraud, mail fraud, conspiracy to traffic in counterfeit trademarked goods, and money laundering conspiracy in connection with their online sale of counterfeit cellphones and accessories. (ECF 1.)

Defendants operated a multi-million dollar scheme wherein they sold thousands of cellphones and cellphone accessories on Amazon.com and eBay.com, which they misrepresented as new and genuine Apple and Samsung products. The defendants traveled to Hong Kong and China to purchase counterfeit cellphones and cellphone accessories in bulk from Hong Kong manufacturers. Once shipped, the defendants then repackaged the counterfeit goods in the Treasure Valley and then individually resold the goods to consumers online as genuine and new. Based on their investigation, federal agents estimate that the defendants were selling hundreds of counterfeit items each day. The defendants have been operating this fraudulent scheme for the past ten years and used sophisticated means to evade detection.

Like the fraudulent scheme, the investigation has been complex and lengthy. This multi-agency investigation has resulted in over 400,000 pages in discovery— most of which was only recently produced to defense counsel.  Additional, voluminous discovery is likewise forthcoming from the simultaneous execution of ten search warrants related to the defendants' homes and workplaces.

Simply, both the nature of the fraudulent scheme and the prosecution are complex.  The scheme involves the ten named defendants and many more unindicted coconspirators, both locally and abroad.  The indicted charges raise complex legal issues sounding in intellectual property violations.  And the investigation has resulted in significant amounts of discovery—some of which requires translation.  The culmination of each results in a case too complex to adhere to the usual seventy-day trial period established by the STA.  *See United States v. Lewis*, 611 F.3d 1172, 1176 (9th Cir. 2010) (finding complex a case involving "voluminous discovery, a large number of counts, several defendants, ongoing investigations in other districts, and potential witnesses from other countries.").

On October 19, 2018, defense counsel[1] convened, agreed on a lengthy continuance based on the complexities of the case, proposed that the trial be reset to October 1, 2019, and proposed that the Court conduct status conferences every sixty (60) days until trial.  The government agrees with this timeframe and request for status conferences in the interim.  Such procedures have been implemented in

---

[1]      Counsel for each defendant met except Artur Pupko's counsel.

GOVERNMENT'S MOTION FOR
COMPLEX-CASE DESIGNATION—4

complex cases before this Court.  *See* Order Designating Case as Complex Under Speedy Trial Act, *United States v. Kurbanov*, 1:13-cr-00120-EJL, ECF 26 (D. Idaho 2013).

## CONCLUSION

Accordingly, the Government respectfully requests that the Court find this matter complex pursuant to 18 U.S.C. § 3161(h)(7)(ii), reset the trial to October 1, 2019, and conduct status conferences every sixty (60) days until trial.

Respectfully submitted this 22nd day of October, 2018.


BART M. DAVIS
UNITED STATES ATTORNEY
By:


*/s/ Katherine L. Horwitz*
KATHERINE L. HORWITZ
Assistant United States Attorney

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on October 22, 2018, the foregoing

GOVERNMENT'S UNOPPOSED MOTION FOR COMPLEX CASE DESIGNATION

AND TRIAL CONTINUANCE was electronically filed with the Clerk of the Court

using the CM/ECF system, and that a copy was served on the following parties or

counsel by ECF filing:

| |
|---|
| JOHN DEFRANCO<br>1031 E. Park Blvd.<br>Boise, ID 83712<br>jcd@greyhawklaw.com<br>*Attorney for Pavel Babichenko* |
| DARTANYON BURROWS<br>P.O. Box 1003<br>Payette, ID 83661<br>dburrows@kmrs.net<br>*Attorney for Gennady Babitchenko* |
| PAUL E. RIGGINS<br>380 South 4th Street, Ste. 104<br>Boise, ID 83702<br>rigginslaw@gmail.com<br>*Attorney for Piotr Babichenko* |
| ROB S. LEWIS<br>913 W. River Street, Ste. 430<br>Boise, ID 83702<br>office@roblewislaw.com<br>*Attorney for Timofey Babichenko* |
| GREG S. SILVEY<br>P.O. Box 5501<br>Boise, ID 83705<br>greg@idahoappeals.com<br>*Attorney for Kristina Babichenko* |

J.D. MERRIS
913 W. River Street, Ste. 420
Boise, ID 83702
jmerris@earthlink.net
*Attorney for Natalya Babichenko*

ROBYN A. FYFFE
P.O. Box 5681
Boise, ID 83705
robyn@fyffelaw.com
*Attorney for David Bibikov*

S. RICHARD RUBIN
702 W. Idaho Street, Ste. 1000
Boise, ID 83702
dick_rubin@fd.org
*Attorney for Anna Iyerusalimets*

ELLEN NICHOLE SMITH
P.O. Box 140857
Garden City, ID 83714
ellen@smithhorras.com
*Attorney for Mikhail Iyerusalimets*

GABRIEL MCCARTHY
802 W. Bannock Street, Suite 201
Boise, Idaho 83702
*Attorney for Artur Pupko*

/s/ Katherine Horwitz
Assistant United States Attorney