Jeffrey Brownson
Idaho State Bar No. 7474
LAW OFFICE OF JEFFREY BROWNSON
223 North 6th Street, Suite 215
Boise, Idaho 83702
(208) 342-5800
(208) 437-8041 (fax)
jb@jeffreybrownsonlaw.com

Barry L. Flegenheimer
WA State Bar No. 11024
Bell Flegenheimer
119 First Avenue South, Suite 500
Seattle, WA 98104
(206) 621-8777
(206) 621-1256 (fax)
barrylfp@gmail.com

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>vs.<br><br>PAVEL BABICHENKO,<br>GENNADY BABITCHENKO,<br>PIOTR BABICHENKO,<br>TIMOFEY BABICHENKO,<br>KRISTINA BABICHENKO,<br>NATALYA BABICHENKO,<br>DAVID BIBIKOV,<br>ANNA IYERUSALIMENTS,<br>MIKHAIL IYERUSALIMETS,<br>ARTUR PUPKO,<br><br>                Defendants. | CASE NO. CR-18-00258-BLW<br><br><br>**MEMORANDUM IN SUPPORT DEFENDANTS' FIRST MOTION IN LIMINE REGARDING CASE AGENT JOSHUA CULBERTSON** |

The Government should be prohibited from presenting expert testimony from Special Agent Joshua Culbertson at trial because it is fraught with danger, will confuse and mislead the jury, is duplicative, and unduly prejudicial.

## I) BACKGROUND

The Defendants are charged with conspiracy to launder money in violation of 18 U.S.C. § 1956(h) for their participation in monetary transactions related to their alleged trafficking in counterfeit-goods. The Government alleges the defendants funneled funds through various personal and/or corporate bank accounts and conducted financial transactions to conceal the proceeds of specified unlawful activity.

On January 2, 2020, in support of the money laundering charges, the Government gave notice of its intent to call two financial expert witnesses at trial: Linda Czemerys and Special Agent Joshua Culbertson. Government's Notice of Intent to Introduce Financial Expert Testimony ("Government Notice") (Dkt. 342). Regarding the intended testimony, in relevant part, the Government offers following:

*Linda Czemerys.* Linda Czemerys is a former Special and Revenue Agent with the Internal Revenue Service (IRS). According to the Government, Ms. Czemerys will testify to the following:

> The United States intends to call Ms. Czemerys to testify about the financial investigation in this matter, including her forensic accounting of hundreds of bank accounts involved in this conspiracy, as well as the methods of laundering money and tax evasion identified in this conspiracy. Additionally, Ms. Czemerys is expected to interpret this activity and testify about commonly-identified means of money laundering, including structuring the amount of transfers, as well as funneling money among businesses, coconspirators, and internationally. Ms. Czemerys will provide the jury with helpful background information regarding how criminal organizations launder money, including the use of "funnel accounts" to move money from one place to another through the banking system. She will opine on whether the records of the activity in the Defendants' hundreds of bank accounts and tax records during the timeframe for the alleged money laundering conspiracy

2  • MEMORANDUM IN SUPPORT OF DEFENDANTS' FIRST MOTION IN LIMINE REGARDING CASE AGENT JOSHUA CULBERTSON

shows evidence of activity that is consistent with persons engaged in illegal activity and money laundering.

Government Notice, p.3.

*Joshua Culbertson.* Joshua Culbertson is an IRS Special Agent who worked on the

investigation of this case and will provide factual testimony about his investigation:

> … the Government anticipates that Internal Revenue Services (IRS) Special Agent Joshua Culbertson will provide factual testimony based, in part, on specialized 'knowledge, skill, experience, training, or education." *See* Fed. R. Evid. 702.  Thus, out of an abundance of caution, the Government is also disclosing the testimony of Special Agent Culbertson.

Government Notice, p.2. Regarding Agent Culbertson's anticipated testimony, the Government

further states:

> One of Special Agent Culbertson's roles in this case was to analyze the Defendants' bank accounts for potential money laundering activity, and he is expected to testify to this investigation. He may testify about his review of the activity in the Defendants' hundreds of bank accounts and tax records during the timeframe for the alleged money laundering conspiracy and that this activity is consistent with persons engaged in illegal activity and money laundering.

Government Notice, p.4. In addition to his factual investigation, in relevant part, the Government

states Agent Culbertson "may testify about his review of the activity in the Defendants' hundreds

of bank accounts and tax records during the timeframe for the alleged money laundering

conspiracy and that this activity is consistent with persons engaged in illegal activity and money

laundering." Government Notice, p.5.

## II) ARGUMENT

### The Proposed Expert Testimony Will Confuse and Mislead the Jury in Violation of Fed. R. Evid. 403

Based upon the Government's disclosures, Agent Culbertson will be called as one of the

investigating case agents in the Government's case-in-chief. Permitting investigating law

3  • MEMORANDUM IN SUPPORT OF DEFENDANTS' FIRST MOTION IN LIMINE REGARDING CASE AGENT JOSHUA CULBERTSON

enforcement officers to testify as both a lay and expert witness is fraught with danger and considerably increases the risk of reversible error. *See United States v. Freeman*, 498 F.3d 893 (9th Cir. 2007) (significant problems arise when police case agents testify as both percipient and expert witnesses).

First, "a case agent who testifies as an expert receives 'unmerited credibility' for lay testimony." *Id*. at 903 (quoting *United States v. Dukagjini*, 326 F.3d 45, 53 (2d Cir. 2003)). Second, "expert testimony by a fact witness or case agent can inhibit cross-examination" because a "failed effort to impeach the witness as expert may effectively enhance his credibility as a fact witness." *Id*. (internal quotation makes omitted). Third, "when the prosecution uses a case agent as an expert, there is an increased danger that the expert testimony will stray from applying reliable methodology and convey to the jury the witness's sweeping conclusions about [the defendant's] activities, deviating from the strictures of Rules 403 and 702." *Id*. (internal quotation makes omitted). Fourth, "some jurors will find it difficult to discern whether the witness is relying properly on his general experience and reliable methodology, or improperly on what he has learned of the case." *Id*. Finally, "when a case agent/expert strays from the scope of his expertise, he may impermissibly rely upon and convey hearsay evidence," and "[i]n doing so, the witness may also run afoul of the Sixth Amendment Confrontation Clause." *Id*.

Here, Agent Culbertson appears to be the only case agent who has also been disclosed as a potential expert witness. It is anticipated that he will be permitted to testify as a percipient witness regarding his review of the bank records at issue and even the Defendant's tax records if deemed relevant. To be sure, the Defendants expect that the Government may use Agent Culbertson's testimony to admit summary exhibits. However, any additional "expert" testimony by Agent

Culbertson would be duplicative and unnecessary since the Government intends to present Linda Czemerys as its financial expert. Because Agent Culbertson's proposed expert testimony will not add to the evidence's probative value in the Government's case and instead poses multiple problems resulting in prejudice to Defendants, under Fed. R. Evid. (ER) 403 Agent Culbertson should be prohibited from testifying as an expert.

When the government seeks to have a witness, like Agent Culberson, testify in both an expert and lay witness capacity there inherently exists serious concerns with whether the expert can testify without blurring the two roles. *Freeman*, 498 F.3d at 903. Even if Agent Culbertson could keep his testimony separated between the two roles, the Court must determine whether the risk of prejudice is nevertheless too high to warrant admission under ER 403. *See United States v. Foster*, 939 F.2d 445, 452 (7th Cir. 1991) (noting the risk for "undue prejudice" when a government witness testifies as an expert and a lay witness).

Allowing the Government to present expert testimony by Agent Culbertson is particularly troublesome and would result in unnecessary and unwarranted prejudice. Agent Culbertson has worked on this investigation for years – since 2015. Agent Culbertson has been fully invested in putting together the case against the defendants. Every step along the way he has assisted the Government in its investigation and presentation of charges, including being one of only two witnesses that testified before the Grand Jury when the prosecution sought the Indictment. To then allow the Government to cloak Agent Culbertson's testimony as "expert", with all the inherent trustworthiness accompanying that designation, would surely be unfair and unduly prejudicial.

**III)  CONCLUSION**

For the reasons set forth above, the Defendants respectfully request the Court grant this

Motion in Limine.

DATED this 15th day of October 2020.

/s/ Jeffrey Brownson
Attorney for Gennady Babitchenko

s/ Barry Flegenheimer
Attorney for Pavel Babichenko

CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of October 2020, I filed the foregoing electronically through the CM/ECF system, which caused the parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Katherine L. Horwitz
Christian S. Nafzger
Assistant United States Attorneys
Office of the United States Attorney
1290 West Myrtle Street, Suite 500
Boise, ID 83702
Kate.Horwitz@usdoj.gov
Christian.Nafzger@usdoj.gov

Tim Flowers
U.S. Department of Justice
Criminal Division
1301 New York Ave. NW, Suite 600
Washington, D.C. 20530
Timothy.Flowers2@usdoj.gov

John DeFranco
1031 E. Park Blvd.
Boise, ID 83712
jcd@greyhawklaw.com
Barry Flegenheimer
119 First Ave. S., Suite 500
Seattle, WA 98155
barrylfp@gmail.com
*Attorneys for Pavel Babichenko*

Paul E. Riggins
380 South 4th Street, Ste. 104
Boise, ID 83702
rigginslaw@gmail.com
Andrew Masser
2399 S. Orchard St., Suite 204
Boise, ID 83705
andrew@baldaufmasser.com
*Attorneys for Piotr Babichenko*

7   • MEMORANDUM IN SUPPORT OF DEFENDANTS' FIRST MOTION IN LIMINE REGARDING CASE AGENT JOSHUA CULBERTSON

Rob S. Lewis
913 W. River Street, Ste. 430
Boise, ID 83702
office@roblewislaw.com
*Attorney for Timofey Babichenko*

Greg S. Silvey
P.O. Box 5501
Boise, ID 83705
greg@idahoappeals.com
*Attorney for Kristina Babichenko*

J.D. Merris
913 W. River Street, Ste. 420
Boise, ID 83702
jmerris@earthlink.net
*Attorney for Natalya Babichenko*

Robyn A. Fyffe
P.O. Box 5681
Boise, ID 83705
robyn@fyffelaw.com
*Attorney for David Bibikov*

Melissa Winberg
Nicole Owens
702 W. Idaho Street, Ste. 1000
Boise, ID 83702
melissa_winberg@fd.org
nicole_owens@fd.org
*Attorneys for Anna Iyerusalimets*

Ellen Nichole Smith
P.O. Box 140857
Garden City, ID 83714
ellen@smithhorras.com
*Attorney for Mikhail Iyerusalimets*

/s/ Jeffrey Brownson

8  • MEMORANDUM IN SUPPORT OF DEFENDANTS' FIRST MOTION IN LIMINE
REGARDING CASE AGENT JOSHUA CULBERTSON