Jeffrey Brownson
Idaho State Bar No. 7474
LAW OFFICE OF JEFFREY BROWNSON
223 North 6th Street, Suite 215
Boise, Idaho 83702
(208) 342-5800
(208) 437-8041 (fax)
jb@jeffreybrownsonlaw.com

Attorney for Gennady Babitchenko

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>vs.<br><br>PAVEL BABICHENKO,<br>GENNADY BABICHENKO,<br>PIOTR BABICHENKO,<br>TIMOFEY BABICHENKO,<br>KRISTINA BABICHENKO,<br>NATALYA BABICHENKO,<br>DAVID BIBIKOV,<br>ANNA IYERUSALIMETS,<br>MIKHAIL IYERUSALIMETS,<br>ARTUR PUPKO,<br><br>            Defendants. | CASE NO. CR-18-00258-BLW<br><br>**DEFENDANT GENNADY BABITCHENKO'S MOTION TO EXCLUDE THE GOVERNMENT'S LATE-DISCLOSED SUMMARY EXHIBITS** |

1 • DEFENDANT GENNADY BABITCHENKO'S MOTION TO EXCLUDE THE
GOVERNMENT'S LATE-DISCLOSED SUMMARY EXHIBITS

Defendant Gennady Babitchenko,[1] through his attorney, moves the Court pursuant to the Fifth and Sixth Amendments, Federal Rule of Criminal Procedure 16, Federal Rule of Evidence 1006, and this Court's inherent authority to enforce its orders regarding pretrial deadlines, to exclude the Government's late-disclosed summary exhibits from trial. Summary exhibits were due April 1, 2021, but the Government disclosed eighteen summary exhibits totaling nearly 2,000 pages on April 6, 2021.[2] The Defendants will be unable to properly vet, move in limine to exclude, and prepare to rebut at trial those summary exhibits. To ensure the fair administration of justice and to safeguard the Defendants' right to a fair trial, this Court should exclude them.

## I.    Background

The trial in this case is set to begin on June 8, 2021. On March 8, 2021, pursuant to the parties' stipulation, the Court ordered that the Government provide all discovery and summary exhibits by April 1, 2021. Dkts. 777, 778. The Government provided 169 summary exhibits by that April 1 deadline but did not disclose an additional eighteen summary exhibits until April 6.[3] Those eighteen summary exhibits are mostly Excel files which detail financial transactions of bank accounts primarily associated with Gennady Babitchenko, as well as incoming and outgoing wire transfers associated with all of the Defendants. Many of the exhibits include only a Bates range as

---

[1] This motion is filed on behalf of Pavel Babichenko, Gennady Babitchenko, Piotr Babichenko, Timofey Babichenko, Kristina Babichenko, Natalya Babichenko, David Bibikov, Anna Iyerusalimets, and Mikhail Iyerusalimets (collectively the "Defendants").

[2] The Defendants have also moved for an extension of the motion in limine deadline with respect to the summary exhibits, *see* Dkt. 811, and they intend to challenge the admissibility of the summary exhibits on the merits.

[3] The Government provided its 30th discovery production the day before, on April 5. It appears one of those files – which is currently just an excel placeholder – may be a summary exhibit. If so, this motion applies equally to that summary exhibit.

2   • DEFENDANT GENNADY BABITCHENKO'S MOTION TO EXCLUDE THE GOVERNMENT'S LATE-DISCLOSED SUMMARY EXHIBITS

the source of all of the information in each file, and the eighteen files total nearly two thousand pages.

## II.    Legal Standards

This Court has the inherent authority to "enter pretrial case management and discovery orders designed to ensure that the relevant issues to be tried are identified, that the parties have an opportunity to engage in appropriate discovery and that the parties are adequately and timely prepared so that the trial can proceed efficiently and intelligibly." *United States v. W.R. Grace*, 526 F.3d 499, 509 (9th Cir. 2008) (en banc); *see also* Fed. R. Crim. Pro. 2 ("These rules are to be interpreted to provide for the *just determination* of every criminal proceeding, to secure simplicity in procedure and *fairness in administration*, and to eliminate unjustifiable expense and delay.") (emphasis added), 16(a) (setting forth the Government's disclosure requirements); Fed. R. Evid. 1006 (requiring that the proponent of a summary exhibit make it available for examination "at a reasonable time"). To give life to that inherent authority, the Court may exclude evidence for failure to comply with its pretrial orders. *See Taylor v. Illinois,* 484 U.S. 400, 414 (1998) (excluding testimony for failure to identify witness); *United States v. Nobles*, 422 U.S. 225, 241 (1975) ("The court's preclusion sanction was an entirely proper method of assuring compliance with its order."); *see also* Fed. R. Crim. Pro. 16(d)(2) (providing that the court may enforce "this rule," including by any order "that is just under the circumstances."). "[T]he essential premise of the court's inherent power to manage its cases [is] to ensure the fair and effective administration of the criminal justice system." *W.R. Grace*, 526 F.3d at 512, 513–14. That power is thus rooted in the U.S. Constitution, which confers upon all criminal defendants the right to due process, effective assistance of counsel, confrontation, cross examination, and – at bottom – a fair trial. *See*

U.S. CONST. amends. V, VI.

### III.    Argument

To ensure the fair and effective administration of justice, and that the Defendants receive the fair trial to which they are constitutionally entitled, this Court should exclude the Government's late-disclosed summary exhibits. Trial is just two months away, and defense counsel have endless tasks to complete in the meantime in order to effectively represent the Defendants at trial. The April 1 deadline was the bare minimum necessary to give the Defendants sufficient time to vet, raise pre-trial evidentiary challenges to,[4] and prepare to rebut at trial, the Government's dense and complex summary exhibits. The Government agreed to the April 1 deadline and did not request an extension from this Court. Instead, it appears to have inadvertently omitted the eighteen summary exhibits from its April 1 discovery production, and simply produced them five days later without explanation or excuse. The Government failed to comply with this Court's pretrial order, and as a result has jeopardized the fair administration of justice and the Defendants' right to a fair trial under the U.S. Constitution. This Court should therefore exclude the late-disclosed summary exhibits.

To be sure, no other remedy is appropriate or even possible. "It may well be true that alternative sanctions are adequate and appropriate in most cases, but it is equally clear that they

---

[4] Even without accounting for the late-disclosed exhibits, the summary exhibits produced on April 1 have left the Defendants scrambling. The Government's draft exhibit lists did not include all of the thousands of documents underlying 185 of its summary exhibits, and so the Defendants were not on notice of the Government's intent to introduce summary exhibits related to those documents. And it goes without saying that the two days between the production of the eighteen summary exhibits and the motion in limine deadline was insufficient time to identify, prepare, and file motions in limine on all eighteen summary exhibits.

would be less effective than the preclusion sanction and that there are instances in which they would perpetuate rather than limit the prejudice to the [Defendants] and the harm to the adversary process." *Taylor*, 484 U.S. at 413. That is true here. This is not "most cases." The Defendants are in the final stretch of preparations for a monumentally-complex, document-heavy ten-week trial that the Court has indicated it will not continue. The Governments' late disclosure has made the already-disadvantaged Defendants even more so. And the only remedy available to the Defendants is exclusion of these documents. Thus, the Court must either allow the Government to introduce the late-filed summary exhibits to the detriment of the Defendants' constitutional right to a fair trial or exclude the summary exhibits at the (arguable) detriment to the Government's ability to secure a conviction. The choice is clear. This Court should hold the Government accountable for its own actions – not the Defendants – and exclude the late-disclosed summary exhibits from trial.

## IV.    Conclusion

The Defendants respectfully request that the Court enforce its pretrial order, ensure the fair administration of justice, and protect the Defendants' constitutional right to a fair trial by excluding the Government's late-filed summary exhibits.

DATED this 13th day of April 2021.

/s/ Jeffrey Brownson

CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of April 2021, I filed the foregoing electronically through the CM/ECF system, which caused the parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Katherine L. Horwitz
Christian S. Nafzger
Assistant United States Attorneys
Office of the United States Attorney
1290 West Myrtle Street, Suite 500
Boise, ID 83702
Kate.Horwitz@usdoj.gov
Christian.Nafzger@usdoj.gov

Tim Flowers
U.S. Department of Justice
Criminal Division
1301 New York Ave. NW, Suite 600
Washington, D.C. 20530
Timothy.Flowers2@usdoj.gov

John DeFranco
1031 E. Park Blvd.
Boise, ID 83712
jcd@greyhawklaw.com
Barry Flegenheimer
119 First Ave. S., Suite 500
Seattle, WA 98155
barrylfp@gmail.com
*Attorneys for Pavel Babichenko*

Paul E. Riggins
380 South 4th Street, Ste. 104
Boise, ID 83702
rigginslaw@gmail.com
Andrew Masser
2399 S. Orchard St., Suite 204
Boise, ID 83705
andrew@baldaufmasser.com
*Attorneys for Piotr Babichenko*

6   • DEFENDANT GENNADY BABITCHENKO'S MOTION TO EXCLUDE THE GOVERNMENT'S LATE-DISCLOSED SUMMARY EXHIBITS

Rob S. Lewis
913 W. River Street, Ste. 430
Boise, ID 83702
office@roblewislaw.com
*Attorney for Timofey Babichenko*

Greg S. Silvey
P.O. Box 5501
Boise, ID 83705
greg@idahoappeals.com
*Attorney for Kristina Babichenko*

J.D. Merris
913 W. River Street, Ste. 420
Boise, ID 83702
jmerris@earthlink.net
*Attorney for Natalya Babichenko*

Robyn A. Fyffe
P.O. Box 5681
Boise, ID 83705
robyn@fyffelaw.com
*Attorney for David Bibikov*

Melissa Winberg
Nicole Owens
702 W. Idaho Street, Ste. 1000
Boise, ID 83702
melissa_winberg@fd.org
nicole_owens@fd.org
*Attorneys for Anna Iyerusalimets*

Ellen Nichole Smith
P.O. Box 140857
Garden City, ID 83714
ellen@smithhorras.com
*Attorney for Mikhail Iyerusalimets*

Thomas B. Dominick
500 W. Bannock Street
Boise, Idaho 83702
tom@dominicklawoffices.com
*Attorney for Artur Pupko*

7  • DEFENDANT GENNADY BABITCHENKO'S MOTION TO EXCLUDE THE
GOVERNMENT'S LATE-DISCLOSED SUMMARY EXHIBITS

/s/ Jeffrey Brownson

8   • DEFENDANT GENNADY BABITCHENKO'S MOTION TO EXCLUDE THE
GOVERNMENT'S LATE-DISCLOSED SUMMARY EXHIBITS