Ellen Smith, ISB. 5992
**SMITH HORRAS, P.A.**
5561 N. Glenwood St. Suite B
Boise, ID  83714
Telephone:  (208) 697-5555
Facsimile:  (800) 881-6219
ellen@smithhorras.com


Attorneys for Defendant,
MIKHAIL IYERUSALIMETS

## UNITED STATES DISTRICT COURT

## DISTRICT OF IDAHO

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br>        **Plaintiff**<br><br>  **vs**<br><br>**MIKHAIL IYERUSALIMETS, et. al,**<br><br>        **Defendant.** | **Case No.: CR18-258-S-EJL**<br><br>**DEFENDANTS'<br>MOTION IN LIMINE TO<br>EXCLUDE GOVERNMENT'S<br>PROPOSED SUMMARY<br>EXHIBIT RELATED TO CBD** |

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

COMES NOW, Defendant Mikhail Iyerusalimets, by and through his attorney of a record,

Ellen Smith and hereby files this joint[1] Motion in Limine, pursuant to the Federal Rules of

Evidence 1006, 803(8)(ii), 401-403 and the 6th Amendment to the U.S. Constitution.  The

Defendants are requesting an Order excluding the Government's proposed "summary exhibit"

relating to Customs and Border Protection ("CBP") seizures and dispositions.  On April 21, 2021,

the Government confirmed that the only CBP summary exhibit it intends to present as evidence

has been provided to Defendants with the identification number GOV00408669.

---

[1] This joint motion is on behalf of Pavel Babichenko, Gennady Babitchenko, Piotr Babichenko, Timofey Babichenko, Kristina Babichenko, Natalie Babichenko, David Bibikov, Anna Iyerusalimets, and Mikhail Iyerusalimets.

I.       **Summary of Facts**

On or about April 8, 2021, the Government filed a motion requesting it be permitted to introduce/admit "summary charts" related to CBP seizures and "bank records" into evidence.  See Dkt. No 816.  The Government provided merely two (2) "examples" of the summary charts it intends to present as evidentiary exhibits. *Id.*  The Government's Motion is misleading as it is actually seeking to admit approximately 230 "summary exhibits" into evidence at the trial in this matter.

Notably, out of the approximately 230 proposed summary exhibits, only 169 were actually submitted to the Defendants by the April 1, 2021 deadline ordered by the Court.  The other additional 60 or so summary exhibits were provided as follows:  April 5, 2021 (approx. 3 "summary exhibits"); April 6, 2021 (an additional 18 "summary exhibits") and April 9, 2021 (an additional 47 "summary exhibits"), respectively.

Due to the Government's lack of organization of last-minute discovery, it was very difficult to decipher which in the thousands of pages of discovery were the proposed summary exhibits. However, the Government did take steps to better organize the documents by April 12, 2021 (nearly two weeks after the deadline).  Nevertheless, the Government's late discovery disclosures and poor organization resulted in a significant of amount of confusion, wasted time, and energy.

Notably, the Government did not ask the Defendants for an extension of its summary exhibit deadline.  Similarly, the Government failed to obtain an order from the Court extending said deadline. Accordingly, any and all tardy summary exhibits must be immediately excluded as untimely and prejudicial to the Defendants.  However, this Motion will solely address the proposed summary exhibit relating to CBP seizures.  Separate motions will be filed to address the remainder of the Government's proposed summary exhibits.

The Government's CBP summary exhibit must be excluded because they are: 1) untimely; 2) are irrelevant and more prejudicial than probative; 3) are based upon inadmissible hearsay; and 4) violate the 6th Amendment of the U.S. Constitution.

## II.   Legal Standards

Evidentiary rulings are reviewed for an abuse of discretion and should not be reversed absent some prejudice. *City of Long Beach v. Standard Oil Co.*, 46 F.3d 929, 936 (9th Cir. 1995).

### A.  FED. R. EVID. 1006:

Federal Rule of Civil Procedure 1006 states that a party may use a summary to prove content of voluminous writings which cannot be conveniently examined in court. Fed. R. Civ. P. 1006 provides (in relevant part):

> The contents of voluminous writings, recordings, or photographs which cannot conveniently be examined in court may be presented in the form of a chart, summary, or calculation. The originals, or duplicates, shall be made available for examination or copying, or both, by other parties at reasonable time or place.

In this instance, the summary, and not the underlying documents, is the evidence to be considered by the factfinder. See 1 Edward J. Devitt et al., Federal Jury Practice and Instructions § 14.02 (4th ed. 1992); 1 Leonard B. Sand et al., Modern Federal Jury Instructions (Criminal) ¶ 5.05, p. 5-34 (1997). Therefore, trial courts must take care that unfair summaries are not presented to juries. *United States v. Scales,* 594 F.2d 558, 564 (6th Cir.1979); *see also Peat, Inc. v. Vanguard Research, Inc.,* 378 F.3d 1154, 1159–60 (11th Cir.2004) ("And because summaries are elevated under Rule 1006 to the position of evidence, care must be taken to omit argumentative matter in their preparation lest the jury believe that such matter is itself evidence of the assertion it makes.") (internal quotation and citation omitted).

The proponent of a summary exhibit "must establish a foundation that (1) the underlying materials on which the summary exhibit is based are admissible in evidence, and (2) those

underlying materials were made available to the opposing party for inspection." *Amarel v. Connell,* 102 F.3d 1494, 1516 (9th Cir. 1996).  Additionally, although there does not appear to be a Ninth Circuit case directly on point, other circuits have noted that "a summary document must be accurate and nonprejudicial." *U.S. v. Bray,* 139 F.3d 1104, 1110 (6th Cir. 1998) (citing *Gomez v. Great Lakes Steel Div., Nat'l Steel Corp.,* 803 F.2d 250, 257 (6th Cir.1986). "This means first that the information on the document summarizes the information contained in the underlying documents accurately, correctly, and in a non-misleading manner." *Id.;* See also *Staley v. U.S. Bank Nat'l Ass'n,* Case No. 1:10-cv-00591-BLW, 11 (D. Idaho Jan. 31, 2013).  In other words, an accurate summary must "summarize[] the information contained in the underlying documents accurately, correctly, and in a non-misleading manner" with nothing "lost in the translation." *Bray*, 139 F.3d at 1110.

Notably, summary charts admitted into evidence under Rule 1006 differ from pedagogical devices used during trial under Rule 611(a) to aid counsel's argument to the jury. *Gov't's Mot.* at 3 n.2; *see United States v. Milkiewicz*, 470 F.3d 390, 395-400 (1st Cir. 2006). The key difference between the types of summary charts "appears to be the purpose for which the summaries are offered." *Milkiewicz*, 740 F.3d at 398. Rule 1006 charts "are explicitly intended to reflect the contents of the documents they summarize." *Id*. Rule 611(a) summaries, on the other hand, "tend to be 'more akin to argument than evidence.'" *Milkiewicz*, 740 F.3d at 398 (citing 6 MARK S. BRODIN ET AL., WEINSTEIN'S FEDERAL EVIDENCE § 1006.08[4] (2d ed. 2019)) (noting also that pedagogical aids allowed under Rule 611(a) to illustrate or clarify a party's position may reflect "the inferences and conclusions drawn from the underlying evidence by the summary's proponent" "through captions or other organizational devices or descriptions"). The accuracy requirements for Rule 1006 described in *Bray* address this distinction between reflection and argumentation. *See* 139 F.3d at 1110.

**B.  FED. R. EVID. 803(8)(ii):**

The Federal Rules of Evidence prohibit the admission of public records such as law enforcement reports that contain "a matter observed by law-enforcement personnel." Fed. R. Evid. 803(8)(ii).  "[T]he purpose of the law enforcement exception is to 'exclude observations made by officials at the scene of the crime or apprehension, because observations made in an adversarial setting are less reliable than observations made by public officials in other situations.'" *United States v. Fryberg*, 854 F.3d 1126, 1132 (9th Cir. 2017).  As such, the only reports by law enforcement personnel admissible in a criminal trial are "those records of routine, non-adversarial matters made in a non-adversarial setting, reflecting ministerial, objective observations." *Id.*  Any record that contains "subjective observation[s], summar[ies], opinion[s] or conclusion[s] of law enforcement personnel" is not admissible pursuant to Rule 803(8).  *Id.* at 1133.

**C.  FED. R. EVID. 403:**

Moreover, before submitting summaries or charts for a jury's inspection, the court must find there is sufficient factual basis for admitting them and that possible prejudice or confusion does not outweigh their usefulness in clarifying the evidence. Fed. R. Evid. 403; see also J. Weinstein and M. Berger, *Weinstein's Evidence* § 1006 (1983). Charts and summaries are, for instance, inadmissible if they contain information not present in the original or duplicate materials on which they are based. *See, e.g., Pritchard v. Liggett and Myers Tobacco Co.,* 295 F.2d 292, 301 (3d Cir. 1961); *Standard Oil of California v. Moore,* 251 F.2d 188, 233 (9th Cir. 1957), *cert. denied,* 356 U.S. 975, 78 S.Ct. 1139, 2 L.Ed.2d 1148 (1958).

**D.  SIXTH AMENDMENT OF THE U.S. CONSTITUTION: CONFRONTATION CLAUSE**

The Confrontation Clause found in the Sixth Amendment provides that "in all criminal prosecutions, the accused shall enjoy the right…to be confronted with the witnesses against him." The Clause was intended to prevent the conviction of a defendant upon written evidence (such

as depositions or ex parte affidavits) without that defendant having an opportunity to face his or her accusers and to put their honesty and truthfulness to test before the jury.

### III.     Argument

#### A.  Government Summary Exhibit Listed as GOV00408669 Must Be Excluded As It Was Disclosed After the Ordered Deadline.

On or about March 8, 2021, the parties stipulated that the Government would disclose its final summary exhibits to the Defendants by April 1, 2021.  Based upon that agreement, the Court subsequently ordered the Government to do so on that same date.  See Dkt. No. 778.  On April 1, 2021, the Government disclosed a "draft" summary exhibit relating to CBP seizures (notated as GOV00408512).  Nevertheless, without any communication, request for extension or other excuse, the Government subsequently provided a new proposed CBP "summary exhibit" labeled GOV00408669 on April 9, 2021.  Now, it is the Defendant's understanding as of April 20, 2021, that the Government does not intend to propose GOV00408512 as a summary exhibit.  Instead, the Government is now only seeking to admit the late disclosed CBP proposed summary exhibit labeled GOV00408669.

April 1, 2021 was already a very late date for the Defendants to be able to review the underlying documents that allegedly support this summary exhibit (as well as the thousands of pages for the other proposed "summary exhibits").  The Government knew that Defendants' deadline to file Motions in Limine relating to the Government's proposed summary exhibits was April 22, 2021.  Nevertheless, the Government still failed to comply with the April 1, 2021 deadline. The Government's tardiness is prejudicial to the Defendants' abilities to review the underlying documents in a timely manner.  As such, Defendants have suffered prejudice by the Government's delays and the proposed summary exhibit must be excluded.  However, even if this particular proposed summary exhibit was timely, it would still have to be excluded because it is inconsistent with Fed. R. Evid. 1006.

**B. The Government's Proposed Summary Exhibit Listed as GOV00408669 Must Be Excluded in Violation of Fed. R. Evid. 1006.**

This proposed summary exhibit listed as GOV00408669 is a voluminous spreadsheet created by the Government.  This spreadsheet appears to contain summaries of incidents that allegedly occurred at ports under CBP's jurisdiction. GOV00408669 further lists alleged actions taken by CBP's "Fines, Penalties and Forteitures" department (hereinafter "FPF") after products were detained and/or seized at various ports.  Some of these listed "seizures" relate to the charged Defendants, some do not.

Summaries admitted pursuant to Fed. R. Evid. 1006 must not be pedagogical devices that unfairly emphasize part of the proponent's proof; nor should they create the impression that disputed facts have been conclusively established.  See J. Weinstein and M. Berger, Weinstein's Evidence § 1006 [07] (1983). Similarly, summaries admitted "in lieu of the underlying documents" must not be "embellished by or annotated with the conclusions of or inferences drawn by the proponent, whether in the form of labels, captions, highlighting techniques, or otherwise." *Bray*, 139 F.3d at 1110.  The goal is to prevent "a summary containing elements of argumentation" from functioning as "a mini-summation by the chart's proponent every time the jurors look at it during their deliberations." *Id*.

Notably, and directly contrary to Fed. R. Evid. 1006, the Government has taken the liberty of embellishing, annotating and utilizing highlighting techniques when creating GOV00408669. This proposed summary exhibit is not a mere recitation of ministerial facts summarizing extensive data.  Instead, the Government uses inflammatory terms calling the people whose items were seized at CBP "violators" in the proposed exhibit.  Further, on the proposed exhibit, the Government still calls the individuals "violators" who were able to retrieve their goods (even after winning their arduous battle with CBP/FPF).  This is not a fair and unbiased summary of facts as contemplated by Fed. R. Evid. 1006.

In GOV00408669, the Government draws its own impermissible conclusions by listing its own "total calculations" of the alleged "MSRP" and/or "DOMESTIC" value of seizures with no real support (other than guesses from inadmissible law enforcement reports). Alleged conclusions of the seizure litigation are also testified to by the Government in this summary chart under the heading "FPF Petition? RELIEF DENIED (RD) RELIEF GRANTED (RG)." This is all based upon law enforcement reports relating to the adversarial process that results from CBP seizing products at one of its ports. These are legal conclusions/argument—not ministerial or routine as required by Fed. R. Evid. 1006.

The Government further embellishes its argument in the proposed summary exhibit by highlighting its unsupported conclusions in bright yellow. Again, the underlying law enforcement "testimony" highlighted by the Government in this proposed summary exhibit is highly argumentative. This is not a "summary exhibit" as contemplated by Fed. R. Evid. 1006. This is a closing argument and must be excluded as such.

Even overlooking the clear bias and argumentative nature of the proposed summary exhibit, the underlying documents it relies upon are law enforcement reports and inadmissible hearsay. Therefore, it must be excluded.

### C.  The Government's Proposed Summary Exhibit Listed as GOV00408669 Must Be Excluded As It Summarizes Inadmissible Law Enforcement Reports.

"Commentators and other courts have agreed that Fed. R. Evid. 1006 requires that the proponent of the summary establish that the underlying documents are admissible in evidence." *United States v. Johnson*, 594 F.2d 1253, 1256 (9th Cir. 1979). Thus, if the underlying documents are hearsay and not admissible under any exception, a chart or other summary based on those documents is likewise inadmissible. See generally Fed.R.Evid. 801-805.

As stated in more detail above, Fed. R. Evid. 803(8), law enforcement records that contain "subjective observation[s], summar[ies], opinion[s] or conclusion[s] of law enforcement

personnel" are hearsay and specifically not admissible.  Such records are not subject to the "business" records hearsay exception as the Government contends.  Hearsay does not cease to be hearsay merely because it is summarized.

On its website, Customs and Border Protection (hereinafter "CBP") describes itself as:

> … a premier law enforcement agency that safeguards America's borders. Every day, CBP protects the public from dangerous people and materials attempting to cross the border, while enhancing the Nation's global economic competitiveness by enabling legitimate trade and travel at ports of entry.  See https://www.cbp.gov/careers.

There can be no question that CBP is a law enforcement agency. Accordingly, the next step in the analysis is whether the supporting records summarized by GOV0040866 are law enforcement records "of routine, non-adversarial matters made in a non-adversarial setting, reflecting ministerial, objective observations."  Fed. R. Evid. 803(8).  They are not.

Here, the underlying documents relate to the highly adversarial process of trying to get back items/products after they have been seized by CBP law enforcement. They are not ministerial or "routine" business records—they are law enforcement reports. Such reports were specifically made by CBP law enforcement personnel to document a highly adversarial process—the seizure of suspected counterfeit products.  This litigious process documented by the associated law enforcement records ultimately results with the items either being returned to the addressees or destroyed at the end of the legal battle. The information contained in the underlying documents for these summary exhibits are, in no way, "ministerial" or "routine" as required by the business records exception to the hearsay rule.

Rather, the underlying documents are clearly "subjective observation[s], summar[ies], opinion[s] or conclusion[s] of law enforcement personnel."  Accordingly, as the underlying documents are inadmissible hearsay pursuant to Fed. R. Evid. 803(8), the proposed "summary exhibit" testifying to their content are similarly inadmissible.

### D. GOV00408669 Must Be Excluded As Confusing, Only Mildly Relevant And More Prejudicial Than Probative.

The Federal Rules of Evidence prohibit the admission of irrelevant evidence. Fed. R. Evid. 402. Evidence is considered to be relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action to be more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. To be "relevant," evidence need not be conclusive proof of a fact sought to be proven; all that is required is a "tendency" to establish the fact at issue. *United States v. Curtin*, 489 F.3d 935, 943 (9th Cir. 2007). "Relevancy is not an inherent characteristic of any item of evidence but exists only as a relation between an item of evidence and a matter properly provable in the case." FRE 401, Advisory Committee Notes.

However, Rule 403 provides that the court "may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, [and] wasting time . . . ." That is the case here.

The probative value of seized and/or destroyed goods by CBP is weak at best. Interestingly, the standard to detain/seize items is quite low at CBP. Further, if an item is seized, it is very expensive and time consuming to contest the seizure. An individual may reasonably choose to not fight "the system" and simply relinquish their items—even if they are genuine. Such relinquishment does not mean the seized items or products are counterfeit.

Similarly, if someone does not contest a CBP seizure and the items are eventually destroyed, it does not mean said items were necessarily counterfeit. It may mean the expense, stress and complication outweigh the potential benefit of litigating against a federal agency. Accordingly, there is very little relevance or probative value in this case as to whether items seized by CBP and/or eventually destroyed. It does not tend to prove that an item was counterfeit or a trademark violation occurred.

**E. GOV00408669 Must Be Excluded As It Violates the Confrontation Clause Under the 6th Amendment of the United States Constitution.**

Excluding this summary exhibit is also required as it violates the Defendants' 6th Amendment right to confront their accusers.  In fact, new records (i.e.: summary exhibits) created "for the purpose of providing evidence against" a defendant are testimonial, and their admission would violate a defendant's Confrontation Clause rights.  *United States v. Fryberg*, 854 F.3d 1126, 1134-1135 (9th Cir. 2017).  A defendant has a right to confront those who bear testimony against him, and the reports are inadmissible at trial unless the witness is available to testify.  *Id.* At 1134.

According to the most recent draft witness exhibit and statements provided by the Government, all CBP witnesses were "intentionally" removed.  The Government believes it can sneak in the hearsay records/information through its proposed summary exhibit marked as GOV00408669.  However, this action would be directly contrary to the Defendants' rights guaranteed by the U.S. Constitution. Permitting this summary exhibit into evidence would prevent the Defendants' ability to confront its accusers, and question the validity of the detentions and seizures. As such, the Government's summary exhibit must be excluded from evidence.

**III.    Conclusion**

For the reasons set forth in detail above, Defendants respectfully request that this Court exclude the only proposed CBP summary exhibit provided by the Government currently labeled as GOV00408669.

Dated: April 22, 2021.

Respectfully Submitted,
SMITH HORRAS, P.A.
Ellen N. Smith


By__/s/_____
Ellen N. Smith
Attorney for Defendant
MIKHAIL IYERUSALIMETS

**CERTIFICATE OF SERVICE**

       I hereby certify that on this 22nd day of April, 2021, I filed the foregoing electronically through the CM/ECF system, which caused the parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Katherine L. Horwitz
Assistant United States Attorney Office of the
United States Attorney 1290 West Myrtle
Street, Suite 500
Boise, ID 83702
Kate.Horwitz@usdoj.gov

Christian S. Nafzger
Assistant United States Attorney Office of the
United States Attorney 1290 West Myrtle
Street, Suite 500
Boise, ID 83702
Christian.Nafzger@usdoj.gov

Tim Flowers
U.S. Department of Justice
1301 New York Ave. NW, Suite 600
Washington, D.C. 20530
Timothy.Flowers2@usdoj.gov

John DeFranco
1031 E. Park Blvd.
Boise, ID 83712 jcd@greyhawklaw.com
*Attorney for Pavel Babichenko*

Paul E. Riggins
380 South 4th Street, Ste. 104
Boise, ID 83702 rigginslaw@gmail.com
*Attorney for Piotr Babichenko*

Rob S. Lewis
913 W. River Street, Ste. 430
Boise, ID 83702 office@roblewislaw.com
*Attorney for Timofey Babichenko*

Greg S. Silvey
P.O. Box 5501

Boise, ID 83705
greg@idahoappeals.com
*Attorney for Kristina Babichenko*

J.D. Merris
913 W. River Street, Ste. 420
Boise, ID 83702
jmerris@earthlink.net
*Attorney for Natalya Babichenko*

Robyn A. Fyffe
P.O. Box 5681 Boise, ID
83705 robyn@fyffelaw.com
*Attorney for David Bibikov*

Charles Peterson
Melissa Winberg
Federal Defender Services of Idaho
702 W. Idaho Street, Ste. 1000
Boise, ID 83702
melissa_winberg@fd.org
*Attorneys for Anna Iyerusalimets*

Jeffrey Brownson
223 North 6th Street, Suite 215
Boise, Idaho 83702
jb@jeffreybrownsonlaw.com
*Attorney for Gennady Babitchenko*

Thomas B. Dominick 500 W.
Bannock Street Boise, Idaho 83702
tom@dominicklawoffices.com
*Attorney for Artur Pupko*

/s/ Ellen Smith