Ellen Smith, ISB. 5992
**SMITH HORRAS, P.A.**
5561 N. Glenwood St. Suite B
Boise, ID  83714
Telephone:  (208) 697-5555
Facsimile:   (800) 881-6219
ellen@smithhorras.com

Attorneys for Defendant,
MIKHAIL IYERUSALIMETS

## UNITED STATES DISTRICT COURT

## DISTRICT OF IDAHO

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br>    **Plaintiff**<br><br> **vs**<br><br>**MIKHAIL IYERUSALIMETS, et. al,**<br><br>   **Defendant.** | **Case No.: CR18-258-S-EJL**<br><br>**DEFENDANT MIKHAIL IYERUSALIMETS' OBJECTION AND MOTION TO EXCLUDE DOCUMENTS NOTICED IN GOVERNMENT'S NOTICE OF INTENT TO INTRODUCE RECORDS UNDER FEDERAL RULE OF EVIDENCE 902 (ECF 882)** |

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE, Defendant Mikhail Iyerusalimets hereby objects to the Government's Notice of Intent to Introduce Records Under Federal Rule 902 (hereinafter "Notice"). See ECF Dkt. No 882. Mr. Iyerusalimets is specifically objecting to the self-authentication and admission of the documents marked as Tax Records listed as BABICHENKO-345731-346412 and Amazon Records listed as BABICHENKO–346413-346432. Mr. Iyerusalimets files this Objection pursuant to General Order 377, the Court's discovery deadline in Order (ECF No. 778) and Fed. Rule. Evid. 902.

The Government should be precluded from introducing said documents at trial at all because: 1) the "Tax Record" documents were produced to Mr. Iyerusalimets on April 28, 2021—nearly a month past the discovery ordered deadline (and less than 2 weeks before the trial exhibit deadline); and 2) the "Amazon Records" have never been provided to Mr. Iyerusalimets at all by the Government.

On May 12, 2021, the government filed its Notice of Intent to Introduce Records Under Federal Rule of Evidence 902. The documents the Government seek to be summarily admitted are listed as: "Tax Records" (listed as BABICHENKO-345731-346412) and Amazon Records (listed as BABICHENKO–346413-346432).   See ECF Dkt. 882.  The subject "Tax Records" are tax returns of various Defendants (including Mr. Iyerusalimets) ranging from 2012 through 2017.  It is unknown what the "Amazon Records" are as the Government has still not provided those documents.

It was feared, yet anticipated, that the Government would utilize this exact strategy of late disclosure of documents and/or evidence in order to gain an advantage at trial.  Accordingly, the parties entered into a stipulation to prevent this problem.  Based upon the stipulation of the parties, on March 8, 2021, the Court ordered: "The government *shall* produce discovery, and the defense shall make discovery requests, by no later than April 1, 2021."  See ECF Dkt. Nos. 777 and 778.

Further, it was ordered that: "All parties understand that each deadline is subject to exceptions for material or requests that could not be discovered through reasonable diligence and material subject to filter review."  Stipulation Footnote 1 on ECF No. 777 (See also Footnote 1 on the Court's Order ECF Dkt. No. 778).  The newest "Tax Record" document is a 2017 tax return. These are not new documents.  In fact, it would be simple for the Government to have obtained these documents and produced them years ago.

The language of this Order was not stated as optional, it was a reasonable requirement with

a reasonable exception.  In addition, the Government always had the option of either requesting an extension or filing a Motion to extend the discovery deadline if it ran into difficulties complying with the Order.  It did not do either.

It is common knowledge that the discovery in this case from the Government has been a beyond voluminous and unorganized.  The Government has provided nearly 1.5 million documents (with anywhere from 1 page to hundreds of pages per document).  In other words, it is likely the pages of documents easily number over 4 million unorganized pages.  This number refers only to the pages of documents—not to mention the audio/video, etc. in additional discovery from the Government.   As it has been a persistent problem in this case, it was specifically ordered (after the agreement of the parties), that the Government would be subject to a final deadline for discovery—April 1, 2021.  Considering this late date in conjunction with the May 10, 2021 exhibit deadline, Mr. Iyerusalimets time to attempt to locate and review the relevant documents before the time of trial.

The Notice filed on May 12, 2021 does say that: "These records and their corresponding written declarations and certifications are available for inspection at the office of the United States Attorney…."  However, the best-case scenario still makes the disclosure of the documents well over a month past the discovery deadline.  This is unacceptable. These documents (and any reference or use thereof) should be excluded from trial as the Government had the ability to produce these items to Mr. Iyerusalimets in a timely manner but failed to do so consistent with the ordered discovery deadline (April 1, 2021).  See ECF No. 778.

Similarly, ignoring the May 10, 2021 exhibit deadline, the Government has *still* not provided a full copy of the Government's proposed trial exhibits—only a list--that is nearly double (approximately 1600 documents—several thousand pages) the amount listed in its most recent

DEFENDANT MIKHAIL IYERUSALIMETS' OBJECTION TO GOVERNMENT'S INTENT TO INTRODUCE RECORDS UNDER FEDERAL RULE OF EVIDENCE 902 (ECF 882)

3

"draft exhibit" list.  It is unclear how Mr. Iyerusalimets can have a fair trial when his due process rights are constantly being violated by the Government's failure to comply with ordered deadlines.

For the reasons listed above, Mr. Iyerusalimets respectfully requests the Court Order excluding the untimely documents noticed for summary admission pursuant to Fed. R. Evid. 902 filed at ECF No. 882.

Dated: May 14, 2021.

Respectfully Submitted,
SMITH HORRAS, P.A.
Ellen N. Smith
By___/s_____
Ellen N. Smith
Attorney for Defendant
MIKHAIL IYERUSALIMETS

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on this 14th day of May, 2021, I filed the foregoing electronically through the CM/ECF system, which caused the parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Katherine L. Horwitz
Assistant United States Attorney Office of the
United States Attorney 1290 West Myrtle
Street, Suite 500
Boise, ID 83702
Kate.Horwitz@usdoj.gov

Christian S. Nafzger
Assistant United States Attorney Office of the
United States Attorney 1290 West Myrtle
Street, Suite 500
Boise, ID 83702
Christian.Nafzger@usdoj.gov

Tim Flowers
U.S. Department of Justice
1301 New York Ave. NW, Suite 600
Washington, D.C. 20530
Timothy.Flowers2@usdoj.gov

John DeFranco

1031 E. Park Blvd.
Boise, ID 83712 jcd@greyhawklaw.com
*Attorney for Pavel Babichenko*

Paul E. Riggins
380 South 4th Street, Ste. 104
Boise, ID 83702 rigginslaw@gmail.com
*Attorney for Piotr Babichenko*

Rob S. Lewis
913 W. River Street, Ste. 430
Boise, ID 83702 office@roblewislaw.com
*Attorney for Timofey Babichenko*

Greg S. Silvey
P.O. Box 5501
Boise, ID 83705
greg@idahoappeals.com
*Attorney for Kristina Babichenko*

J.D. Merris
913 W. River Street, Ste. 420
Boise, ID 83702
jmerris@earthlink.net
*Attorney for Natalya Babichenko*

Robyn A. Fyffe
P.O. Box 5681 Boise, ID
83705 robyn@fyffelaw.com
*Attorney for David Bibikov*

Charles Peterson
Melissa Winberg
Federal Defender Services of Idaho
702 W. Idaho Street, Ste. 1000
Boise, ID 83702
melissa_winberg@fd.org
*Attorneys for Anna Iyerusalimets*

Jeffrey Brownson
223 North 6th Street, Suite 215
Boise, Idaho 83702
jb@jeffreybrownsonlaw.com
*Attorney for Gennady Babitchenko*

Thomas B. Dominick 500 W.
Bannock Street Boise, Idaho 83702
tom@dominicklawoffices.com
*Attorney for Artur Pupko*

/s/ Ellen Smith

DEFENDANT MIKHAIL IYERUSALIMETS' OBJECTION TO GOVERNMENT'S INTENT TO INTRODUCE
RECORDS UNDER FEDERAL RULE OF EVIDENCE 902 (ECF 882)