RAFAEL M. GONZALEZ, JR.
ACTING UNITED STATES ATTORNEY
KATHERINE L. HORWITZ, OKLAHOMA STATE BAR NO. 30110
CHRISTIAN S. NAFZGER, IDAHO STATE BAR NO. 6286
ASSISTANT UNITED STATES ATTORNEYS
TIMOTHY C. FLOWERS, TENNESSEE BAR NO. 030151
SENIOR TRIAL ATTORNEY
1290 W. MYRTLE STREET, SUITE 500
BOISE, IDAHO 83702
TELEPHONE: (208) 334-1211
FACSIMILE:(208) 334-1413

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>             Plaintiff,<br><br>      vs.<br><br>PAVEL BABICHENKO,<br>GENNADY BABITCHENKO,<br>PIOTR BABICHENKO,<br>TIMOFEY BABICHENKO,<br>KRISTINA BABICHENKO,<br>NATALYA BABICHENKO,<br>DAVID BIBIKOV,<br>ANNA IYERUSALIMETS,<br>MIKHAIL IYERUSALIMETS,<br><br>             Defendants. | Case No. 1:18-cr-00258-BLW<br><br><br>**MOTION FOR DESIGNATION OF TWO CASE AGENTS UNDER FEDERAL RULE OF EVIDENCE 615** |

The Government moves to designate two case agents pursuant to Federal Rule of

Evidence 615(b), and seeks a ruling allowing them to remain in the courtroom during

proceedings.  The Court has discretion to determine who qualifies under the exceptions to

the rule excluding witnesses and who may therefore remain in the courtroom.  *See United*

GOVERNMENT'S MOTION FOR DESIGNATION OF TWO CASE AGENTS—1

*States v. Valencia-Riascos*, 696 F.3d 938, 941 (9th Cir. 2012) (collecting cases).  That said, a court abuses its discretion of a witness satisfies an exception and is nonetheless excluded. *See, e.g., United States v. Seschillie*, 310 F.3d 1208, 1213 (9th Cir. 2002) (finding an abuse of discretion where the district court excluded a defense expert witness from the trial after the defense made a 'fair showing' that the expert's presence was essential to the defense presentation and therefore satisfied what is now subsection (c).)

Subsection (b) of Rule 615 "applies to investigative officers or 'case agents' designated on behalf of the prosecution in criminal cases" and excludes them from the usual rule that witnesses may be ordered excluded.  *Id.* (citing advisory committee notes). As the Advisory Committee notes to the 1974 amendments explain, just as the defense has the benefit of "the client with him to consult during trial," an "investigative agent's presence may be extremely important to government counsel, especially when the case is complex or involves some specialized subject matter.  The agent, too, having lived with the case for a long time, may be able to assist in meeting trial surprises where the best-prepared counsel would otherwise have difficulty."  Fed. R. Evid. 615, Advisory Committee Notes to the 1974 Enactment.  The notes further explain that subsection (b) is designed to apply even where the Government cannot "meet the burden under rule 615 of showing that the agents presence is essential," the exception set forth in subsection (c).  *Id.*  (As discussed in the footnote below, however, subsection (c) could provide an alternative ground for allowing a second agent under the facts of this case, however.)

The rationale for the Rule's provision of a case agent as a party representative logically extends to multiple case agents when the subject matter is this complex, the evidence is this voluminous, and the investigation has been this sprawling.  But it is

GOVERNMENT'S MOTION FOR DESIGNATION OF TWO CASE AGENTS—2

especially necessary where, as here, each agent handled different and distinct aspects of the investigation.  Agent Erick Akers obtained the e-mail search warrants, reviewed the same, and was crucial in organizing the mountain of physical evidence seized during the August 22, 2018 search.  Agent Denning, in contrast, exclusively obtained the Customs and Border Protection seizures and has extensive knowledge of the Defendants' many businesses, associated addresses, and employees.  Both areas are vital to the Government's case. Accordingly, the Government requires both agents in order to fulfill the purpose of subsection (b) in order to present its case.  The Government therefore moves the Court to allow both agents to be designated pursuant to subsection (b) and to authorize them to remain in the courtroom during trial.[1]

Respectfully submitted this 16th day of June, 2021.

RAFAEL M. GONZALEZ, JR.
ACTING UNITED STATES ATTORNEY
By:


*/s/ Katherine L. Horwitz*
KATHERINE L. HORWITZ
Assistant United States Attorney

---

[1]   Alternatively, the Court could choose to allow one agent pursuant to subsection (b) and the other pursuant to subsection (c) because, given the division of labor in the investigation, the second agent's presence is essential here.  *See, e.g., United States v. Causey*, 609 F.2d 777, 778 (5th Cir. 1980) (noting that, in that case, the Government had not undertaken to satisfy what is now subsection (c) with respect to a second agent who attended trial, and suggesting that allowing two agents under subsection (b) could be problematic, but declining to decide the issue because appellants had failed to show prejudice).

GOVERNMENT'S MOTION FOR DESIGNATION OF TWO CASE AGENTS—3

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 16, 2021, the foregoing MOTION FOR DESIGNATION OF TWO CASE AGENTS was electronically filed with the Clerk of the Court using the CM/ECF system, and that a copy was served on the following parties or counsel by ECF filing:

JOHN DEFRANCO
1031 E. Park Blvd.
Boise, ID 83712
jcd@greyhawklaw.com
*Attorney for Pavel Babichenko*

JEFFREY BROWNSON
223 North 6th Street, Suite 215
Boise, Idaho 83702
*Attorney for Gennady Babitchenko*

PAUL E. RIGGINS
380 South 4th Street, Ste. 104
Boise, ID 83702
rigginslaw@gmail.com
*Attorney for Piotr Babichenko*

ROB S. LEWIS
913 W. River Street, Ste. 430
Boise, ID 83702
office@roblewislaw.com
*Attorney for Timofey Babichenko*

GREG S. SILVEY
P.O. Box 5501
Boise, ID 83705
greg@idahoappeals.com
*Attorney for Kristina Babichenko*

J.D. MERRIS
913 W. River Street, Ste. 420
Boise, ID 83702
jmerris@earthlink.net
*Attorney for Natalya Babichenko*

ROBYN A. FYFFE
P.O. Box 5681
Boise, ID 83705
robyn@fyffelaw.com
*Attorney for David Bibikov*

MELISSA WINBERG
702 W. Idaho Street, Ste. 1000
Boise, ID 83702
Melissa_Winberg@fd.org
*Attorney for Anna Iyerusalimets*

ELLEN NICHOLE SMITH
P.O. Box 140857
Garden City, ID 83714
ellen@smithhorras.com
*Attorney for Mikhail Iyerusalimets*

/s/ Katherine Horwitz
Assistant United States Attorney