Barry L. Flegenheimer
Washington State Bar No. 11024
Bell Flegenheimer
119 First Avenue South, Suite 500
Seattle, WA 98104
(206) 621-8777
(206) 621-1256 (fax)
barrylfp@gmail.com

John DeFranco
Idaho State Bar No. 4953
Ellsworth, Kallas & DeFranco
1031 E. Park Blvd.
Boise, ID 83712
(208) 336-1843
(208) 345-8945 (fax)
jcd@greyhawklaw.com

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>PAVEL BABICHENKO,<br>GENNADY BABITCHENKO,<br>PIOTR BABICHENKO,<br>TIMOFEY BABICHENKO,<br>KRISTINA BABICHENKO,<br>NATALYA BABICHENKO,<br>DAVID BIBIKOV,<br>ANNA IYERUSALIMENTS,<br>MIKHAIL IYERUSALIMETS,<br>ARTUR PUPKO,<br><br>Defendants. | CASE NO. CR-18-00258-BLW<br><br><br>DEFENDANTS' MOTION TO DISMISS GOVERNMENT'S NOTICE TO SEEK FORFEITURE OF ALL FUNGIBLE PROPERTY UNDER 18 U.S.C. § 984 |

## I.      Introduction

Pursuant to Federal Rule of Criminal Procedure 12(b), the Defendants[1] move to dismiss from the superseding indictment the notice of the Government's intent to seek forfeiture of all fungible property under 18 U.S.C. § 984. Because § 984 is facially inapplicable to this criminal, *in personam* forfeiture action, the Government cannot forfeit fungible property pursuant to that section. With trial starting in less than a week, the Defendants request the Court rule on this motion only if and when the case reaches the forfeiture phase of the proceedings.

## II.      Discussion

The superseding indictment states: "Pursuant to 18 U.S.C. § 984, the government will seek forfeiture of fungible property." Dkt. 210 at 33. Section 984 provides,

> (a)(1) In any forfeiture action in rem in which the subject property is cash, monetary instruments in bearer form, funds deposited in an account in a financial institution . . . , or precious metals—
>
> (A) it shall not be necessary for the Government to identify the specific property involved in the offense that is the basis for the forfeiture; and
>
> (B) it shall not be a defense that the property involved in such an offense has been removed and replaced by identical property.
>
> (2) Except as provided in subsection (b), any identical property found in the same place or account as the property involved in the offense that is the basis for the forfeiture shall be subject to forfeiture under this section.
>
> (b) No action pursuant to this section to forfeit property not traceable directly to the offense that is the basis for the forfeiture may be commenced more than 1 year from the date of the offense.

---

[1] This motion is filed on behalf of Pavel Babichenko, Gennady Babitchenko, Piotr Babichenko, Timofey Babichenko, Kristina Babichenko, Natalya Babichenko, David Bibikov, Anna Iyerusalimets, and Mikhail Iyerusalimets (collectively the "Defendants").

2 •   DEFENDANTS' MOTION TO DISMISS GOVERNMENT'S NOTICE TO SEEK FORFEITURE OF ALL FUNGIBLE PROPERTY UNDER 18 U.S.C. § 984

A motion to dismiss based on a defect in the indictment or information must be raised before trial, Fed. R. Crim. Pro. 12(b)(3)(B), or by an earlier deadline if set by the court, Fed. R. Crim. Pro. 12(c)(1).[2] "If a party does not meet the deadline for making a Rule 12(b)(3) motion, the motion is untimely. But a court may consider the defense, objection, or request if the party shows good cause." Fed. R. Crim. Pro. 12(c)(3). According to this Court's order, Rule 12 motions in this case were due by June 1, 2020. Dkt. 536.

Section 984 is inapplicable to this criminal, *in personam* forfeiture action. This Court should therefore find good cause to entertain this motion and dismiss the § 984 forfeiture notice from the superseding indictment.

First, § 984 is facially inapplicable to this criminal, *in personam* forfeiture. By its plain language, § 984 applies only to civil, *in rem* forfeitures. *See* § 984(a)(1) ("In any forfeiture action *in rem* . . . .") (emphasis added); Stefan D. Cassella, Forfeiture Law in the United States, § 1-4(b) (JurisNet, LLC, 2007) ("it is often said that criminal forfeiture is an *in personam* action against the defendant, not an *in rem* action against the property involved in the offense"); Black's Law Dictionary (11th ed. 2019) (defining "in rem" as "[i]nvolving or determining the status of a

---

[2] The propriety of the Government's intent to forfeit fungible property pursuant to § 984 is properly addressed as an aspect of sentencing during the forfeiture phase of the trial. *See Libretti v. United States*, 516 U.S. 29, 39 (1995) ("criminal forfeiture as an aspect of punishment imposed following conviction of a substantive criminal offense"). Indeed, if the Defendants can challenge clear error or illegality in the court's sentence after the fact, surely they can challenge it before.  *See, e.g.*, Fed. R. Crim. Pro. 35(a) ("Within 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or *other clear error*.") (emphasis added); 28 U.S.C. § 2255(a) ("A prisoner in custody under sentence of a court established by Act of Congress claiming . . . *that the sentence was in excess of the maximum authorized by law*, . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence."). The Defendants file this motion out of an abundance of caution, however, should the Court conclude that the § 984 forfeiture notice is a "defect in the indictment" subject to the time limitations of Rule 12(b)(3) and this Court's pretrial order, then the court should find good cause.

thing, and therefore the rights of persons generally with respect to that thing," and "in personam" as "[i]nvolving or determining the personal rights and obligations of the parties"). The Eighth Circuit recognized as much in *United States v. Jennings*, 487 F.3d 564, 586 (8th Cir. 2007): "Section 984 provides for *in rem* proceedings against fungible property in civil forfeiture actions when the government cannot specifically identify the proceeds directly traceable to the offense and instead must resort to substitute assets." *Jennings* thus held that "§ 984(b) has no application to the criminal forfeiture ordered against Jennings *in personam* pursuant to 28 U.S.C. § 2461(c)." *Jennings*, 487 F.3d at 586. Here, just as in *Jennings*, the Government has brought its forfeiture action in a criminal case against the Defendants personally, not in a civil case against the property itself. Thus, § 984 is inapplicable to this criminal, *in personam* forfeiture.[3]

Second, there is good cause to consider this motion. Only when the Defendants prepared their objections to the Government's jury instructions, which included an instruction on § 984, did they realize that the Government intended to forfeit fungible property using an inapplicable civil statute. *See* Dkt. 879 at 16 n.11. Although the Defendants' oversight may not alone amount to good cause, combined with the complete inapplicability of § 984 to this case and the Defendants' right to effective assistance of counsel in this forfeiture proceeding, there is good cause in this case. Indeed, the Government's error followed by the Defendants' initial oversight should not result in the forfeiture of the Defendants' property using a statute that is plainly

---

[3] Further, § 984 is subject to a one-year statute of limitations. *See* § 984(b) ("No action pursuant to this section to forfeit property not traceable directly to the offense that is the basis for the forfeiture *may be commenced more than 1 year from the date of the offense*.") (emphasis added). Therefore, even if § 984 did apply to this case, much of the property the Government seeks to forfeit falls outside of that one-year statute of limitations. *See* Dkt. 210.

inapplicable; to do so would only compound those deficiencies, result in an illegal sentence and be unjust.

**III.     Conclusion**

Should this case reach the forfeiture stage of the proceedings, the Defendants respectfully request the Court dismiss the Government's § 984 forfeiture claim.

DATED this 17th day of June 2021.

s/ Barry Flegenheimer
s/ John DeFranco
Attorneys for Paul Babichenko

CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of June, 2021, I filed the foregoing electronically through the CM/ECF system, which caused the parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Katherine L. Horwitz
Christian S. Nafzger
Assistant United States Attorneys
Office of the United States Attorney
1290 West Myrtle Street, Suite 500
Boise, ID 83702
Kate.Horwitz@usdoj.gov
Christian.Nafzger@usdoj.gov

Tim Flowers
U.S. Department of Justice
Criminal Division
1301 New York Ave. NW, Suite 600
Washington, D.C. 20530
Timothy.Flowers2@usdoj.gov

John DeFranco
1031 E. Park Blvd.
Boise, ID 83712
jcd@greyhawklaw.com
Barry Flegenheimer
119 First Ave. S., Suite 500
Seattle, WA 98155
barrylfp@gmail.com
*Attorneys for Pavel Babichenko*

Paul E. Riggins
380 South 4th Street, Ste. 104
Boise, ID 83702
rigginslaw@gmail.com
Andrew Masser
2399 S. Orchard St., Suite 204
Boise, ID 83705
andrew@baldaufmasser.com
*Attorneys for Piotr Babichenko*

6 •  DEFENDANTS' MOTION TO DISMISS GOVERNMENT'S NOTICE TO SEEK
FORFEITURE OF ALL FUNGIBLE PROPERTY UNDER 18 U.S.C. § 984

Rob S. Lewis
913 W. River Street, Ste. 430
Boise, ID 83702
office@roblewislaw.com
*Attorney for Timofey Babichenko*

Greg S. Silvey
P.O. Box 5501
Boise, ID 83705
greg@idahoappeals.com
*Attorney for Kristina Babichenko*

J.D. Merris
913 W. River Street, Ste. 420
Boise, ID 83702
jmerris@earthlink.net
*Attorney for Natalya Babichenko*

Robyn A. Fyffe
P.O. Box 5681
Boise, ID 83705
robyn@fyffelaw.com
*Attorney for David Bibikov*

Melissa Winberg
Nicole Owens
702 W. Idaho Street, Ste. 1000
Boise, ID 83702
melissa_winberg@fd.org
nicole_owens@fd.org
*Attorneys for Anna Iyerusalimets*

Ellen Nichole Smith
P.O. Box 140857
Garden City, ID 83714
ellen@smithhorras.com
*Attorney for Mikhail Iyerusalimets*


/s/ Melisa Wong
Legal Assistant


7 • DEFENDANTS' MOTION TO DISMISS GOVERNMENT'S NOTICE TO SEEK
FORFEITURE OF ALL FUNGIBLE PROPERTY UNDER 18 U.S.C. § 984