UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 1:18-cr-00258-BLW |
| Plaintiff, | **MEMORANDUM DECISION AND ORDER** |
| v. | |
| GENNADY BABITCHENKO, | |
| Defendants. | |

## INTRODUCTION

Before the Court is Gennady Babitchenko's second motion to return property (Dkt. 1877). For the reasons that follow the Court will deny Mr. Babitchenko's motion.

## BACKGROUND

Mr. Babitchenko was one of several defendants indicted in August 2018 for conspiracy to commit wire fraud, conspiracy to traffic in counterfeit goods, labels, or packaging, conspiracy to launder money, and individual substantive counts of the same crimes. *Indictment*, Dkt. 1. A superseding indictment followed in May 2019, which included additional charges and criminal forfeiture allegations. *Superseding Indictment*, Dkt. 210. The forfeiture allegations against Mr.

MEMORANDUM DECISION AND ORDER - 1

Babitchenko included real property in Brazil, which in 2020, were restrained by the Brazilian government upon a request from the United States. This case was initially tried in 2021, but due to a mistrial on some counts, it was retried in 2022.

Mr. Babitchenko was acquitted after the first trial in 2021. Dkt. 1120. After his acquittal, Mr. Babitchenko moved for the return of the Brazil properties that remained under restraint. Dkt. 1286. The Court denied that request because the properties remained subject to forfeiture upon conviction of any remaining defendant and because the government could still seek civil forfeiture of those properties. *Order*, Dkt. 1432. Following the second trial of the remaining defendants, several defendants were convicted of various offenses. The Court conducted forfeiture proceedings and the Government did not seek forfeiture of the Brazil properties at that time. In August 2023, Mr. Babitchenko filed this motion for the return of the Brazil properties as they had not been forfeited and the statute of limitations for civil forfeiture had run. The government opposes the motion.

## LEGAL STANDARD

"A person aggrieved . . . by the deprivation of property may move for the property's return." Fed. R. Crim. P. 41(g). the burden of proof on a motion under Rule 41(g) depends on the timing of the motion. Once the property "is no longer needed for evidentiary purposes," such as here, where the trial against Mr.

**MEMORANDUM DECISION AND ORDER - 2**

Babitchenko has been completed and he has been acquitted, a defendant is presumed to have a right to the return of his property. *United States v. Gladding*, 775 F.3d 1149, 1152 (9th Cir. 2014) (citations omitted). However, the government can rebut that presumption by proving it has a "'legitimate reason' for retaining the property that is 'reasonable [] under all of the circumstances.'" *Id.* "The simplest way for the government to carry its burden is to prove 'the property. . . is contraband or subject to forfeiture.'" *Id.*

## ANALYSIS

After Mr. Babitchenko filed this motion, the government moved for the forfeiture of the Brazil properties as substitute assets of the convicted defendants. Mr. Babitchenko makes several arguments for, essentially, the denial of the government's motion for forfeiture – including that he has a 99% interest in the properties and no convicted defendant has any interest. In the order filed concurrently herewith, the Court granted that motion for forfeiture. The government, then, has "carri[ed] its burden to prove the property. . . is. . . subject to forfeiture." *Id.* (internal quotation makes omitted). Accordingly, the Court must deny Mr. Babitchenko's motion, and he may claim his interest in the properties in the ancillary proceeding pursuant to § 853(n).

## ORDER

MEMORANDUM DECISION AND ORDER - 3

**IT IS ORDERED that:**

1. Gennady Babitchenko's Motion for the Return of the Brazil Properties is **DENIED.**

DATED: April 4, 2024

_____
B. Lynn Winmill
U.S. District Court Judge

MEMORANDUM DECISION AND ORDER - 4